UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLEWISTON COMMONS LLC, a
Florida limited liability company,

      Plaintiff,

v.                                          Case No:  2:18-cv-339-FtM-38MRM

CITY OF CLEWISTON, MALI
GARDNER, AL PERRY, TRAVIS
REESE, DEBBIE MCNEIL and
KATHY COMBASS,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Clewiston Commons, LLC's Amended Motion for Preliminary Injunction (Doc. 46) and Defendant City of Clewiston's Response in Opposition (Doc. 51).  The Court heard oral argument from the parties and Plaintiff submitted post-hearing evidence without leave of Court (Doc. 56), which the Court will not consider.  *See* M.D. Fla. R. 4.06; *Gulf Coast Commercial Corp. v. Gordon River Hotel Assocs.*, 2:05-cv-564-FTM-33SPC, 2006 WL 1382072, at *2 (M.D. Fla. May 18, 2006).

This case involves a zoning dispute over the designation of a mobile home park in Clewiston, Florida that *could* admittedly lead to great harm to Plaintiff, causing its

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

residents to vacate their homes in favor of commercial development. (Doc. 34). Clewiston Commons asks this Court to stay all code enforcement proceedings until a determination is made whether Defendants' actions are constitutional. However, the Motion will be denied for Plaintiff's failure to show irreparable harm as explained below.

**BACKGROUND**

In 2006, Clewiston Commons purchased a parcel of property in Clewiston that was zoned residential and was being used as a mobile home park. Plaintiff believes that prior to his purchase the property had been used a mobile home park for more than thirty years. (Doc. 34, ¶ 21). In 2007, Clewiston Commons sought to rezone the property from residential to commercial. (Docs. 51-1; 51-3). Clewiston Commons claims that it premised its request on an understanding that any change in its use would not occur until after a feasibility study. (Doc. 34, ¶ 23). After a public hearing, the City's Board of Commissioners passed an ordinance granting Clewiston Commons' rezoning request. (Doc. 51-3).

Following the zoning change, the economy collapsed, and Clewiston Commons stopped its anticipated development and continued to operate the property as a mobile home park for the next ten years or so without issue. Every year from 2007 to 2016, the City granted Clewiston Commons permits to operate the property as a mobile home park. (Doc. 34, ¶ 32). Even so, in 2016, the City began to deny Clewiston Commons permits related to its use of the property as a mobile home park and between 2016 and 2017, Clewiston Commons "spent tens of thousands of dollars on repairs to comply with alleged code violations from the City." (Doc. 34, ¶ 6).

Clewiston Commons then applied to the City for a special exception to allow it "[t]o operate and be able to repair/replace RV/mobile units within the park." (Doc. 46-3). Leading up to a hearing on Clewiston Commons' application, several notable things occurred. The City's Community Development Director opined several times that Clewiston Commons' use was a legal nonconforming one. (Docs. 46-4; 46-5; 46-8). And the City's attorney issued a draft memorandum where he stated, "the City cannot prohibit a mobile home park owner from replacing mobile homes on lots within the mobile home park where the mobile home park owner has not discontinued or abandoned the use of the mobile home park." (Doc. 46-7). Even so, the Board of Commissioners denied Clewiston Commons' application for the special exception. (Doc. 46-8).

Thereafter, despite repairs Plaintiff made in compliance with the City's requirements, a City code enforcement officer issued two violation notices[2] to Clewiston Commons dated October 12, 2017, for failure to comply with the commercial zoning designation. (Doc. 46-9). The Notices required Clewiston Commons to remove all mobile homes from the property within 180 days and stated that failure to correct the violations could result in the issuance of a citation or an enforcement hearing before a special magistrate. (*Id.*) The violations were not corrected and Clewiston Commons filed this lawsuit on May 14, 2018 (Doc. 1) and moved for a preliminary injunction (Doc. 20) on October 9, 2018. The Court set a hearing on the preliminary injunction for November 6, 2018.

On October 24, 2018, which is over one year after the violation notices were issued and five months after this lawsuit was filed, a hearing was held before a special magistrate

---

[2] Complaints # 17-0260 and 17-0261.

regarding the violation notices (Doc. 46-10, Transcript of proceedings). At the hearing, Clewiston Commons' counsel implored the special magistrate to find that the mobile home park was a legal non-conforming use. On October 30, 2018, the special magistrate issued an order finding that his jurisdiction was limited to enforcing the City's building codes and that Clewiston Commons continued operation as a mobile home park violated City zoning ordinances. (Doc. 46-12, Order Finding Violation). The special magistrate ordered the removal of all mobile homes and that Clewiston Commons cease its use of the property as a mobile home park within 180 days, which calculates to April 28, 2019. The special magistrate did not determine whether the mobile home park could continue to operate as a non-conforming use, stating: "The Respondent has filed a lawsuit in Federal Court to determine whether Respondent's mobile home park can continue to operate as a non-conforming use. This is the appropriate venue." (*Id.*, ¶ 7).

Following the code enforcement hearing, on October 26, 2018, Clewiston Commons moved to continue the preliminary injunction hearing, amend its preliminary injunction motion, and amend its complaint. (Docs. 25; 27). The Court granted the requests over the City's objections. (Docs. 31; 33). On November 5, 2018, Clewiston Commons filed an Amended Complaint alleging: (1) Equal Protection Violation guaranteed under the Fifth and Fourteenth Amendments under 42 U.S.C. § 1983; (2) Preliminary and Permanent Injunctive Relief; (3) Inverse Condemnation/Takings; (4) Declaratory Relief; (5) Tortious Interference; and (6) Violation of Florida Statute § 286.011 (Florida's Sunshine Law). (Doc. 34).

On November 15, 2018, Clewiston Commons again moved this Court to enjoin the City from enforcing the two violation notices and from interfering with its use of the

property as a mobile home park. (Doc. 46). Notably, pursuant to Fla. Stat. § 162.11, on November 29, 2018, Clewiston Commons appealed the special magistrate's order to the Twentieth Judicial Circuit in and for Hendry County.[3] That appeal remains pending. The Court heard oral argument from the parties on the preliminary injunction on December 17, 2018.

## LEGAL STANDARD

A preliminary injunction is a "powerful exercise of judicial authority in advance of trial" and functions "to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1295 (11th Cir. 1990). To justify a preliminary injunction the movant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Preliminary injunctions are "drastic" and "extraordinary" remedies, not to be issued unless the movant has "clearly established" the burden of persuasion on each element. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2013). They are the exception, not the rule. *Id.*

A preliminary injunction prohibiting the enforcement of a city ordinance adopted by a duly elected city council is a special case, as noted by the Eleventh Circuit:

---

[3] The Court takes judicial notice of *City of Clewiston, Florida v. Clewiston Commons, LLC*, Case No: 2018-CA-0777, only to the extent that the Court acknowledges that the appeal was filed and is pending, not for the truth of any matters asserted in the case. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

> In this country, democracy in government is, of course, viewed as a good and normal thing. When a federal court before trial enjoins the enforcement of a municipal ordinance adopted by a duly elected city council, the court overrules the decision of the elected representatives of the people and, thus, in a sense interferes with the processes of democratic government. Such a step can occasionally be justified by the Constitution (itself the highest product of democratic processes). Still, preliminary injunctions of legislative enactments — because they interfere with the democratic process and lack the safeguards against abuse or error that come with a full trial on the merits — must be granted reluctantly and only upon a clear showing that the injunction before trial is definitely demanded by the Constitution and by the other strict legal and equitable principles that restrain courts.

*Ne. Fla. Chapter of Ass'n of Gen Contractors*, 896 F.3d at 1285. Although *Ne. Fla.* involved an Equal Protection challenge to the city ordinance itself (unlike what we have here), the Court believes that the principles are transferrable.

## DISCUSSION

Because "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper," *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000), the Court begins its analysis here. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Ne. Fla. Chapter of Ass'n of Gen. Contractors*, 896 F.3d at 1285 (citation omitted). Irreparable injury is the "*sin qua non* of injunctive relief." *Id.* The injury must be "neither remote nor speculative, but actual and imminent." *Id. See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy

6

necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Ne. Fla. Chapter of Ass'n of Gen. Contractors*, 896 F.3d at 1285.

Here, although Plaintiff states in its Amended Complaint that unless restrained Defendants will enforce the violation notices and "compel the immediate removal of mobile homes in the property" (Doc. 34, ¶ 93), and that Defendants are "now attempting, under the pretext of due process, to schedule hearings and move forward with the enforcement of the Termination Notices through monetary fines and other means" (*Id.*, ¶ 73), there is simply no evidence, let alone a substantial likelihood, that this is happening at this juncture.[4] This is likely so because the special magistrate's findings are on appeal as noted above and Plaintiff has not explained why a request to maintain the status quo is not available to it in the circuit court.[5] In other words, Plaintiff does not explain why it cannot seek relief from enforcement of the violation notices and a stay of any enforcement of the special magistrate's ruling in the circuit court case.

The immediacy is also undercut by the proceedings in the case up to this point. Over a year lapsed between the City telling Plaintiff to shut down the trailer park and this

---

[4] Of course, if circumstances change during the pendency of this action Plaintiff may file a renewed Motion for Preliminary Injunction. But on the limited record currently before this Court Plaintiff has not shown an immediate threat of irreparable harm.

[5] The Court inquired of Plaintiff's counsel at the hearing what effect the code enforcement proceedings had on this case and counsel offered no argument to sway the Court's decision. Counsel responded that if an injunction is granted the appeal can be stayed pending resolution of this case for purposes of "judicial economy." Why an injunction issued in this case would prompt Plaintiff to stay the state court case is unclear. The City's counsel argued at the hearing that there are state court remedies out there that Plaintiff has not pursued.

motion for a preliminary injunction. (Compare Doc. 1 ¶ 44, with Doc. 46). Plaintiff's request to reopen briefing and postpone the original injunction hearing voluntarily added another month. Having failed to act with the requisite urgency, Plaintiff cannot now plausibly allege a need for the extraordinary relief of a preliminary injunction to prevent imminent irreparable harm. See *Wreal v. Amazon.com*, 840 F.3d 1244, 1248 (11th Cir. Oct. 28, 2016) ("[T]he very idea of a *preliminary* injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." (citations omitted)). Because Plaintiff has failed to carry its burden of establishing "the *sine qua non* of injunctive relief," *Siegel*, 234 F.3d at 1176, the Court denies the request for injunctive relief.[6]

Accordingly, it is now

**ORDERED:**

Clewiston Commons, LLC's Amended Motion for Preliminary Injunction (Doc. 46) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of February 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[6] Since Plaintiff cannot establish imminent and irreparable harm absent an injunction at this point, the Court need not address whether Plaintiff is likely to succeed on the merits, nor consider Plaintiff's argument that a likelihood of success on the merits would afford Plaintiff a "presumption of irreparable harm." See *Hoop Culture, Inc. v. GAP Inc.*, 648 F. App'x 981, 985 (11th Cir. 2016) (district court's finding of no irreparable harm is [s]ufficient to rebut any presumption of irreparable harm that may have [otherwise] applied").

8