UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLEWISTON COMMONS LLC, a
Florida limited liability company,

       Plaintiff,

v.                                           Case No.:  2:18-cv-339-FtM-38MRM

CITY OF CLEWISTON, MALI
GARDNER, AL PERRY, TRAVIS
REESE, DEBBIE MCNEIL and
KATHY COMBASS,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants' Motion to Dismiss Counts II and III (Doc. 61) filed on March 19, 2019.  Plaintiff filed a Response in Opposition (Doc. 65) on April 10, 2019, conceding that Count II for injunctive relief is an improper stand-alone claim and agrees to the dismissal of Count II.  (Doc. 65, at 2).  Therefore, the only claim at issue in this Opinion and Order is Count III – Denial of Due Process of Law.  Defendant City of Clewiston filed a Reply (Doc. 68) on April 15, 2019.  For the reasons set forth below, the Motion is granted in part.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

This case involves a zoning dispute over the designation of a mobile home park in Clewiston, Florida. Plaintiff sues the City of Clewiston (the City) and various City officials who were involved with the zoning designation. The Court recounts the factual background as pled in Plaintiff's Second Amended Complaint (Doc. 60), which it must take as true to decide whether the Second Amended Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). In 2006, Clewiston Commons LLC purchased a parcel of property in Clewiston that was zoned residential and was being used as a mobile home park. Plaintiff believes that prior to his purchase the property had been used a mobile home park for more than thirty years. (Doc. 60, ¶ 21). In late 2006 or early 2007, Clewiston Commons sought to rezone the property from residential to commercial. (Doc. 60, ¶ 22). Clewiston Commons claims that it premised its request on an understanding that any change in its use would not occur until after a feasibility study. (Doc. 60, ¶¶ 23-24). After a public hearing, the City's Board of Commissioners passed an ordinance granting Clewiston Commons' rezoning request. (Doc. 60, ¶ 28).

Following the zoning change, the economy collapsed, and Clewiston Commons stopped its anticipated development and continued to operate the property as a mobile home park for the next ten years or so without issue. Every year from 2007 to 2016, the City granted Clewiston Commons permits to operate the property as a mobile home park. (Doc. 60, ¶ 33). That changed in 2016 when the City began to deny Clewiston Commons permits related to its use of the property as a mobile home park. (Doc. 60, ¶ 40).

Clewiston Commons then applied to the City for a special exception to allow it "[t]o operate and be able to repair/replace RV/mobile units within the park." (Doc. 60, ¶ 44). The Board of Commissioners denied Clewiston Commons' application for the special exception. Thereafter, a City code enforcement officer issued two violation notices[2] to Clewiston Commons dated October 12, 2017, for failure to comply with the commercial zoning designation. (Doc. 60, ¶ 68). The Notices required Clewiston Commons to remove all mobile homes from the property within 180 days and stated that failure to correct the violations could result in the issuance of a citation or an enforcement hearing before a special magistrate. The violations were not corrected, and Clewiston Commons filed this lawsuit on May 14, 2018 (Doc. 1) and is currently proceeding on a Second Amended Complaint (Doc. 60), claiming in part that Defendants "are now attempting, under the pretext of due process, to schedule hearings and move forward with the enforcement of the Termination Notices through monetary fines and other means, despite the pendency of this action." (Doc. 60, ¶ 74).

On October 30, 2018, a special magistrate ordered the removal of all mobile homes and that Clewiston Commons cease its use of the property as a mobile home park within 180 days, which was April 28, 2019. The special magistrate did not determine whether the mobile home park could continue to operate as a non-conforming use. Plaintiff appealed the special magistrate's order to the Twentieth Judicial Circuit in and for Hendry County pursuant to Fla. Stat. § 162.11, styled *City of Clewiston, Florida v. Clewiston Commons, LLC*, Case No: 2018-CA-0777 (the "Underlying Appeal"). The Underlying Appeal remains pending but was stayed by the state court at the joint request

---

[2] Complaints # 17-0260 and 17-0261.

of the parties pending the outcome of this litigation. The fact that the case was stayed was not addressed by the parties in the initial briefing on the Motion to Dismiss and because it could have an impact on Defendant's procedural due process arguments, the Court requested supplemental briefing on how the stay might affect the claim, if at all. (Doc. 78). The parties have filed their supplemental briefs. (Docs. 79, 80).

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This consideration is limited "to the pleadings and exhibits attached thereto[.]" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quotations omitted). However, a complaint must list more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2008). Likewise, "[f]actual allegations that are merely consistent with a defendant's liability" are insufficient. *Chaparro v. Carnival Corp*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotations and citations omitted).

In contrast, the Court will not dismiss a complaint where the Plaintiff pleads facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference, based on the facts pleaded, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Thus, when the complaint contains "well-pleaded allegations, a court should

4

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Defendants argue in part that it is not entirely clear whether Plaintiff is raising a substantive or procedural due process claim under Count III, simply labeling the count "Denial of Due Process of Law." (Doc. 60). The Court agrees. Federal Rule of Civil Procedure 10(b) requires that a plaintiff state "[e]ach claim founded upon a separate transaction or occurrence ... in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." A pleading that lumps multiple claims together in one count is considered a shotgun pleading. *Ledford v. Peeples*, 605 F.3d 871, 892 (11th Cir. 2010) (vacated on other grounds). Courts in the Eleventh Circuit "roundly, repeatedly, and consistently condemn[]" shotgun pleadings. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). When a plaintiff files a shotgun pleading, district courts should require the plaintiff to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127-28 (11th Cir. 2014) (criticizing the district court for not policing shotgun pleadings).

Here, although Plaintiff does specifically state "procedural due process" in paragraphs 103 and 104 of the Second Amended Complaint, any claim for substantive due process is not sufficiently pled. Plaintiff states in its brief (Doc. 65) for the first time that the City's actions were arbitrary and capricious, violating fundamental rights under federal law. However, there are no allegations in Count III (or in the paragraphs incorporated into the Count) to this effect. To the extent that Plaintiff seeks to raise more than one constitutional violation pursuant to section 1983 (*i.e.*, a substantive due process

5

violation and a procedural due process violation), it is directed to include each alleged constitutional violation in a separate count, with the requisite supporting factual allegations in the Third Amended Complaint.  See *Arenal v. City of Punta Gorda, Fla.*, 932 F. Supp. 1406, 1413 (M.D. Fla. 1996) (noting that substantive and procedural due process are distinct causes of action); *Arroyo v Judd*, 8:10-cv-911-T-23TBM, 2010 WL 2465173 (M.D. Fla. June 15, 2010); *Holder v. Gualtieri*, 8:14-cv-3052-T-33TGW, 2015 WL 1880782, *6-7 (M.D. Fla. Apr. 24, 2015) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (distinguishing substantive and procedural due process claims).

The Court will otherwise deny Defendants' merits arguments without prejudice, with leave to refile a similar motion, if appropriate, after the Third Amended Complaint is filed.  If no Third Amended Complaint is filed this case will proceed on the Second Amended Complaint without Counts II and III.

Accordingly, it is now **ORDERED:**

Defendants' Motion to Dismiss Counts II and III (Doc. 61) is **granted in part and denied in part** to the extent that Count II as a standalone claim is dismissed with prejudice and Count III is dismissed without prejudice to filing a Third Amended Complaint in accordance with this Opinion and Order on or before **July 2, 2019**.  The Motion is denied without prejudice to the extent Defendants seek dismissal of Count III with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of June, 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record