UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Clewiston Commons, LLC,  Case No. 2:18cv339-FtM-PAM-MRM

    Plaintiff,

v.  **MEMORANDUM AND ORDER**

City of Clewiston, Mali Gardner,
Al Perry, Travis Reese, Debbie
McNeil, and Kathy Combass,

    Defendants.

_____

This matter is before the Court on Defendant City of Clewiston's Motion to Dismiss Count II of the Fourth Amended Complaint (Docket No. 117), and Plaintiff Clewiston Commons's Motion to Extend pre-trial and trial deadlines (Docket No. 143). For the following reasons, the Motion to Dismiss is granted and the Motion to Extend is granted in part and denied in part.

**BACKGROUND**

This case involves a zoning dispute over Clewiston Commons, a mobile home park in Clewiston, Florida ("the City"). The full factual history of the case has been set forth previously, and the relevant facts are repeated below.

> In 2006, Clewiston Commons LLC purchased a parcel of property in Clewiston that was zoned residential and was being used as a mobile home park. . . . In late 2006 or early 2007, Clewiston Commons sought to rezone the property from residential to commercial. . . . After a public hearing, the City's Board of Commissioners passed an ordinance granting Clewiston Commons' rezoning request. . . .

> Every year from 2007 to 2016, the City granted Clewiston Commons permits to operate the property as a mobile home park. That changed in 2016 when the City began to deny Clewiston Commons permits related to its use of the property as a mobile home park.
>
> Clewiston Commons then applied to the City for a special exception to allow it "[t]o operate and be able to repair/replace RV/mobile units within the park." The Board of Commissioners denied Clewiston Commons' application for the special exception. Thereafter, a City code enforcement officer issued two violation notices to Clewiston Commons dated October 12, 2017, for failure to comply with the commercial zoning designation. The Notices required Clewiston Commons to remove all mobile homes from the property within 180 days and stated that failure to correct the violations could result in the issuance of a citation or an enforcement hearing before a special magistrate. The violations were not corrected, and Clewiston Commons filed this lawsuit on May 14, 2018. . . .
>
> On October 30, 2018, a special magistrate ordered the removal of all mobile homes and that Clewiston Commons cease its use of the property as a mobile home park within 180 days, which was April 28, 2019. The special magistrate did not determine whether the mobile home park could continue to operate as a non-conforming use. Plaintiff appealed the special magistrate's order to the Twentieth Judicial Circuit in and for Hendry County pursuant to Fla. Stat. § 162.11, styled *City of Clewiston, Florida v. Clewiston Commons, LLC*, Case No: 2018-CA-0777 (the "Underlying Appeal"). The Underlying Appeal remains pending but was stayed by the state court at the joint request of the parties pending the outcome of this litigation.

(Order (Docket No. 83) at 2-4 (internal citations omitted).) The City moves to dismiss Count II of the Fourth Amended Complaint, which alleges a violation of due process under 42 U.S.C. § 1983.

**DISCUSSION**

**A.     Standard of Review**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must

2

contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007). But "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

**B.     Due Process**

In a procedural due process claim, a "deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Zinermon v. Burch, 494 U.S. 113, 125 (1990) (emphasis omitted). "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). A violation of procedural due process does not "become complete 'unless and until the state refuses to provide due process.'" Club Madonna, Inc. v. City of Miami Beach, 924 F.3d 1370, 1378 (11th Cir. 2019) (quoting McKinney v. Pate, 20 F.3d 1550, 1562 (11th Cir.

3

1994) (additional citation omitted)). "In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under [§] 1983 arise." Ditaranto v. City of Debary, No. 6:10-cv-403, 2010 WL 1924448, at *2 (M.D. Fla. May 12, 2010) (quoting McKinney, 20 F.3d at 1557)). "Accordingly, even if a plaintiff has suffered a deprivation by the state without due process, that plaintiff's procedural due process rights have not been violated unless the state fails to provide a means to remedy the deprivation." Id.

The City asks the Court to dismiss the federal due process claim, arguing that it fails as a matter of law because state remedies exist. (Defs.' Supp. Mem. (Docket No. 117) at 4); see Flagship Lake Cty. Dev. No. 5, LLC v. City of Mascotte, 559 F. App'x 811, 815 (11th Cir. 2014). In Florida, a party can appeal an order of a local enforcement board to the circuit court. Fla. Stat. § 162.11. Florida also provides for judicial review of agency actions, including a local government's zoning decisions. Id. § 120.68; Goodman v. The City of Cape Coral, No. 2:12-cv-654, 2013 WL 12091684, at *2 (M.D. Fla. Aug. 19, 2013). A state court's judicial review and ability to "[o]rder such ancillary relief as the court finds necessary to redress the effects of official action wrongfully taken or withheld . . . is sufficient to redress [the plaintiff] for the deprivation alleged and is sufficient to satisfy the Fourteenth Amendment's Due Process Clause." Dibbs v. Hillsborough Cty., 67 F. Supp. 3d 1340, 1354 (M.D. Fla. 2014) (quotations omitted).

Clewiston Commons argues that Count II adequately pleads a violation of due process under the U.S. Constitution, and that any state-law remedies do not provide

4

adequate redress. According to Clewiston Commons, the City first violated its due-process rights when it denied Clewiston Commons's request for a special exception, which prohibited damaged mobile homes from being replaced. (Pl.'s Opp'n Mem. (Docket No. 123) at 14.) Clewiston Commons further argues that the City did not provide notice of the hearing before the denial was issued. (Id.) Although Clewiston Commons concedes that it could have sought a writ of certiorari regarding the denial, it claims that such a process would have been insufficient. (Id. at 14-15.) See Fla. R. App. P. 9.190. But that is not the law. If a plaintiff fails to avail itself of adequate state remedies, that plaintiff "cannot rely on that failure to claim that the state deprived [it] of procedural due process." Dibbs, 67 F. Supp. 3d at 1354 (quoting Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000)). These arguments are unavailing.

Clewiston Commons sought judicial review when it appealed the Special Magistrate's code-enforcement order to remove all mobile homes. It alleges that such relief was insufficient because the Special Magistrate who reviewed the termination notices was biased. (Pl.'s Opp'n Mem. at 16.) But Clewiston Commons filed a separate lawsuit in state court to appeal the Special Magistrate's order and issuance of the termination notices. City of Clewiston v. Clewiston Commons, LLC, Case No: 18-CA-777. Because Clewiston Commons has yet to complete its appeal of the Special Magistrate's opinion, it cannot yet bring any due process claim arising out of that opinion, even one alleging bias. Thus, the Special Magistrate's opinion is appealable and not final, so the bias argument fails. See Fla. Stat. § 162.11.

Clewiston Commons also argues that the termination notices were improper because the City did not provide a pre-deprivation hearing. (4th Am. Compl. (Docket No. 111) at ¶¶ 97, 101.) But due process is satisfied by the existence of a state-court remedy, and Clewiston Commons pursued that state-court relief. Thus, no federal due-process violation occurred.

Clewiston Commons further contends that Count II should not be dismissed because the City did not provide "pre-deprivation review" of its claims and that any post-deprivation remedies are not "meaningful". (Pl.'s Opp'n Mem. at 6.) The single case on which Clewiston Commons relies for support this argument is not on point for the issue. Kupke v. Orange Cty., Fl, 293 F. App'x 695 (11th Cir. 2008). Clewiston Commons argues that a Motion to Dismiss is improper at the stage, because the Court cannot determine whether or not the state remedy provided was adequate. (Id. at 5.) But "[f]ederal courts do not sit as zoning boards of review and should be most circumspect in determining that constitutional rights are violated in quarrels over zoning decisions." Corn v. City of Lauderdale Lakes, 997 F.2d 1369, 1389 (11th Cir. 1993) (quoting Spence v. Zimmerman, 873 F.2d 256, 262 (11th Cir. 1989)). At this stage, the Court is not required to evaluate a state remedy's meaningfulness. Even construing all of the facts in the Fourth Amended Complaint as true, the City's actions do not arise to the level of a constitutional violation because the existence of a legal remedy for the alleged due-process violations is conclusive.

Finally, the stayed state-court appeal does not have any bearing on whether or not this claim should continue.[1] Clewiston Commons has pled this claim in each iteration of its Complaint, so no leave to amend will be granted. However, the claim is dismissed without prejudice, pending the state-court case's outcome.

**C.     Motion to Extend**

Clewiston Commons moves to extend the pre-trial and trial deadlines, asking for a July 2020 trial term. The Court will reset the discovery deadline to January 6, 2020, and dispositive motions will be due on January 31, 2020. All other deadlines will be set at a pretrial conference at a date to be determined. Because the Court is assigned to the Middle District of Florida only through April, this case will remain on the April trial calendar.

---

[1] The Court previously asked the parties to file supplemental briefing on how the stayed state court case might affect this due process claim because "it could have an impact on Defendant's procedural due process arguments." (Order at 4.) Defendants explain that this claim does not have such an impact. (Defs.' Supp. Mem. at 9.)

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Docket No. 117) Count II of the Fourth Amended Complaint is **GRANTED and Count II** is **DISMISSED without prejudice but without leave to amend**; and

2. Plaintiff's Motion for Extension (Docket No. 143) is **GRANTED in part** and **DENIED in part**.

Dated:  December 5, 2019

                                                           *s/ Paul A. Magnuson*
                                                           Paul A. Magnuson
                                                           United States District Court Judge