UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Clewiston Commons, LLC,                     Case No. 2:18cv339-FtM-PAM-MRM

            Plaintiff,

v.                                          **MEMORANDUM AND ORDER**

City of Clewiston, Mali Gardner,
Al Perry, Travis Reese, Debbie
McNeil, and Kathy Combass,

            Defendants.

_____

This matter is before the Court on Plaintiff's three Motions for Partial Summary Judgment[1] (Docket Nos. 137, 154, 159) and Defendants' Motion for Summary Judgment (Docket No. 161). For the following reasons, Defendants' Motion is granted in part and denied without prejudice in part, and Plaintiff's Motions are denied without prejudice.

**BACKGROUND**

This case involves a zoning dispute over Clewiston Commons, a mobile-home park in Clewiston, Florida ("the City"). The full factual history of the case has been set forth previously (Docket No. 145), and the relevant facts are incorporated into the discussion. Clewiston Commons brings claims alleging equal protection, state-law due process, inverse

---

[1] Local Rule 3.01(a) states that [i]n a motion . . . the movant shall include a concise statement of the precise relief requested, a statement of the basis of the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document of not more than 25 pages." Clewiston Commons's three Summary Judgment Motions appear to violate this rule.

condemnation, tortious interference, and Fla. Stat. § 286.911 violations. Clewiston Commons further asks for declaratory relief regarding its use of the property. Clewiston Commons asks for summary judgment on its equal-protection claim, its claim for declaratory relief, and against Defendant's assertion of sovereign immunity. The City and the individual Defendants move for summary judgment on all claims.

**DISCUSSION**

Summary judgment is proper only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). When opposing a motion for summary judgment, the nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials and "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted).

### A. Equal Protection

The parties bring cross-Motions as to Clewiston Commons's claim that the City, Gardner, Perry, Reese, and McNeil violated the Fifth and Fourteenth Amendments by denying permits to replace damaged units, denying a special exception to zoning the law, and issuing termination notices at the property without a rational basis.

To prevail on this "class of one" equal protection claim, a plaintiff must show that it was treated differently from others who were similarly situated and "there is no rational basis for this difference in treatment." Grider v. City of Auburn, 618 F.3d 1240, 1266 (11th Cir. 2010). Similarly situated comparators must be prima facie identical in all relevant respects. Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006). Clewiston Commons bears the burden to "negat[e] every conceivable basis which might support [the City's actions], whether or not the basis has a foundation in the record." Lofton v. Sec'y of Dep't of Children & Family Servs., 358 F.3d 804, 818 (11th Cir. 2004).

Clewiston Commons first alleges that it is the only legal nonconforming mobile-home park to be issued termination notices. But the termination notices have not yet gone into effect, the mobile-home park continues to operate, and this issue is already on appeal in state court. See City of Clewiston v. Clewiston Commons, LLC, Case No: 2018-CA-0777. This claim is thus not ripe in federal court, and both parties' Motions are denied without prejudice as to this aspect of the claim.

Clewiston Commons next claims that it is the only mobile-home park operating as a legal non-conforming use to be denied replacement permits. Clewiston Commons fails to allege sufficient facts support its bald claim that any properties are similarly situated.

Further, whether Clewiston Commons operates as a legal nonconforming use is unresolved at the state level. Therefore, this claim is likewise not ripe in federal court, and both parties' Motions are denied without prejudice as to this aspect of the claim.

Clewiston Commons's final contention is that similarly situated comparators were granted special exceptions to the zoning law. In particular, Clewiston Commons alleges that the City granted Clewiston Marina, Inc., a special exception. Clewiston Marina's temporary exception for a transient RV park is on its face distinguishable from Clewiston Commons's request for a permanent exception for a permanent RV park. Further, the properties are zoned differently—Clewiston Marina is zoned high-density residential, while Clewiston Commons is zoned commercial. (Reese Aff. (Docket No. 51-4); Appl. for Special Exception (Docket No. 168-2).) Therefore, these properties are not similarly situated in all relevant aspects, and the claim fails as to the permits.

Even if Clewiston Commons could meet its burden of alleging a similarly situated comparator, the City provides legitimate government purposes to plausibly explain its actions, such as reducing blight and creating a cohesive neighborhood. "[T]he Supreme Court and this court have repeatedly held . . . noise, traffic, congestion, safety, aesthetics, valuation of adjoining land, and effect on city services" "to be rational and permissible bases for land use restrictions." Corn v. City of Lauderdale Lakes, 997 F.2d 1369, 1387 (11th Cir. 1993)."[2]

---

[2] While Clewiston Commons also criticizes the City's motives, its actual motives are not the standard for rational-basis scrutiny. "As long as the City can present at least one plausible, arguably legitimate purpose for [its actions], summary judgment for the City is appropriate unless [Plaintiff] can demonstrate that the legislature could not possibly have relied on that

4

Gardner, Perry, Reese, and McNeil also assert qualified immunity on the equal-protection claim. "Qualified immunity offers complete protection for government officials sued in their individual capacities [for violations of § 1983] if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Defendants seeking qualified immunity must first establish that they were acting within the scope of their discretionary authority. McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). Then the plaintiff must show that the defendant violated a constitutional right and prove that the constitutional violation was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001). Gardner, Perry, Reese, and McNeil's alleged actions were made in their official capacities, and Clewiston Commons makes no showing of a "clearly established" constitutional violation. Thus, even if the equal-protection claim succeeded, the City officials are entitled to qualified immunity.

### B. State Due Process

The City asks for summary judgment on Plaintiff's claim that it was denied procedural due process under Article I, Section 9 of the Florida Constitution.

First, Clewiston Commons claims that the City violated due process by not providing a pre-deprivation hearing before the termination notices issued. As noted, however, Clewiston Commons has appealed the termination notices to state court. "While the remedy

---

purpose." Haves v. City of Miami, 52 F.3d 918, 923 (11th Cir. 1995). Clewiston Commons falls short of this requirement, because the City offers several plausible reasons for its actions.

5

in State Court may not be [Clewiston Commons's] preferred remedy, it is more than adequate to cure any procedural due process defects." Goodman v. The City of Cape Coral, No. 2:12cv654, 2013 WL 12091684, at *3 (M.D. Fla. Aug. 19, 2013). Because Clewiston Commons has yet to complete its appeal of the Hendry County Special Magistrate's code-enforcement opinion, it cannot yet bring any due-process claim arising out of that opinion. See Fla. Stat. § 162.11. The Special Magistrate's opinion is not final, and any claim arising out of that opinion is not yet ripe. Moreover, although the Special Magistrate concluded that federal court was the proper venue to pursue the due-process claim, his opinion cannot bestow jurisdiction on this Court. (Hendry Cnty. Order (Docket No. 161-32).) Article III of the United States Constitution does not allow this Court to rule on controversies that are not yet ripe. Abbott Labs. v. Gardener, 387 U.S. 136, 148 (1967). Clewiston Commons has yet to suffer any cognizable constitutional inquiry, and its due-process claim arising out of the termination notices is not ripe.

Next, Clewiston Commons claims that it was deprived of due process in 2016 when the City did not allow damaged, destroyed, or uninhabitable mobile homes to be replaced. Due process does not require an opportunity to be heard before a building permit is refused. City of Pompano Beach v. Yardam Rest., Inc., 834 So. 2d 861, 866 (Fla. Dist. Ct. App. 2002). Moreover, Clewiston Commons conceded that it could have sought a writ of certiorari regarding the denial, but claims without further explanation that such a process would have been insufficient. (Pl.'s Opp'n Mem. (Docket No. 123) at 14-15.) See Fla. R. App. P. 9.190. But if a plaintiff fails to avail itself of adequate state remedies, that plaintiff "cannot rely on that failure to claim that the state deprived [it] of procedural due process."

6

Dibbs v. Hillsborough Cnty., 67 F. Supp. 3d 1340, 1354 (quoting Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000)). There was no due process violation as to the permits.

Finally, Clewiston Commons argues that the City moved the hearing for the special exception "without any notice of the actual date." (Compl. (Docket No. 11) at 25.) However, the City mailed Clewiston Commons and its counsel a notice of the new date, though neither attended the hearing. (July 21, 2016 Letter (Docket No. 161-26).) The letter satisfied due process because it provided fair notice. See Massey v. Charlotte Cty., 842 So. 2d 142, 147 (Fla. Dist. Ct. App. 2003).

Defendants' Motion (Docket No. 161) is denied without prejudice as to the termination notices, and otherwise granted as to the state-law procedural due process claim.

### C. Inverse Condemnation

Clewiston Commons claims the City engaged in an "as applied" regulatory taking, violating the Fifth Amendment and Article X of Florida Constitution, because the City deprived Clewiston Commons of economic use of its property and reasonable investment-backed expectations. The City seeks summary judgment, arguing that no taking has occurred.

To state a valid "as applied" takings claim, a plaintiff must have "availed [it]self of all available state procedures for seeking just compensation and been denied." Goodwin v. Walton Cnty., 248 F. Supp. 3d 1257, 1263 (N.D. Fla. 2017). Because Clewiston Commons has not completed the appeal of the Special Magistrate's opinion, there is no final state court ruling. See Fla. Stat. § 162.11. And "state courts always have a first shot at adjudicating a takings dispute because a federal constitutional claim is not ripe until the state has denied

7

the would-be plaintiff's compensation for a putative taking, including by unfavorable judgment in a state court proceeding." Abu-Khadier v. City of Fort Myers, No. 2:12cv387, 2014 WL 3446416, at *5 (M.D. Fla. July 15, 2014) (quoting Agripost, LLC v. Miami–Dade Cnty., 525 F.3d 1049, 1052 (11th Cir. 2008)). The takings issue is not ripe for federal review and Defendants' Motion (Docket No. 161) is denied without prejudice as to this claim.

### D. Declaratory Relief on Legal Nonconforming Use

The City and Clewiston Commons bring cross-Motions on Clewiston Commons's request that the Court declare Clewiston Commons's use of the property as legal nonconforming. The Hendry County Special Magistrate found that he lacked jurisdiction to determine whether Clewiston Commons was operating as a legal nonconforming use, and that federal court was the appropriate venue to make such a determination. (Hendry Cnty. Order.) Clewiston Commons then appealed that decision to state court. City of Clewiston v. Clewiston Commons, LLC, Case No: 2018-CA-0777. The parties filed a joint stay of the state case, because "the primary matters at issue in [the] appeal are the same as those at issue in the federal litigation, to wit whether Clewiston Commons can show that its mobile-home park is a permitted 'non-conforming use' pursuant to Florida law." Id.

Although this suit was filed before the state suit, a final state court ruling is required in order for a federal court to review a zoning board decision because "federal courts do not sit as zoning boards of review and should be most circumspect in determining that constitutional rights are violated in quarrels over zoning decisions." Corn, 997 F.2d at 1389 (quoting Spence v. Zimmerman, 873 F.2d 256, 262 (11th Cir. 1989)). Clewiston

Commons's state court appeal of the Special Magistrate's decision is the proper mechanism to pursue before this claim is ripe for federal adjudication.

Clewiston Commons's Motion seeking a declaratory judgment as to the legal nonconforming use (Docket No. 154) and Defendant's Motion for Summary Judgment as to this claim (Docket No. 161) are denied without prejudice. Clewiston Commons's Motion (Docket No. 159) arguing that sovereign immunity does not apply is likewise denied without prejudice.

### E. Tortious Interference

The City asks for summary judgment on Clewiston Commons's tortious-interference claim, while Gardner, Perry, Reese, and McNeil assert qualified immunity as to this claim. Clewiston Commons claims that Defendants tortiously interfered with its business relationships, specifically "with various contractors, consultants, and vendors in connection with the continuous use of the Property" and "with dozens of lessees of lots at the Property." (Compl. at 34.)

In Florida, a plaintiff must prove the following elements to show tortious interference: "(1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." Int'l Sales & Serv., Inc. v. Austral Insulated Prod., Inc., 262 F.3d 1152, 1154 (11th Cir. 2001). Whether Clewiston Commons can meet the first element depends on whether it has legal rights; thus, this claim hinges on whether Clewiston Commons's property is a legal nonconforming use. Clewiston Commons must first pursue

9

the state-court appeal as to whether the property operates as a legal nonconforming use. Until Clewiston Commons concludes its state-court remedies, this claim is not properly before the Court.

Defendants' Motion (Docket No. 161) as to this claim and Clewiston Commons's Motion (Docket No. 159) arguing that sovereign immunity does not apply are denied without prejudice.

### F. Fla Stat. § 286.011

The City, Perry, and Combass seek summary judgment on Clewiston Commons's claim that they violated Florida Statute § 286.011. This statute, also known as the Sunshine Law, requires that:

> "[a]ll meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision . . . are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."

Clewiston Commons argues that City officials made zoning decisions, denied building permits, and issued termination notices outside of public meetings. However, Clewiston Commons does not allege any improper legislative function by City officials, and thus the Sunshine Law does not prohibit the conduct with which Clewiston Commons takes issue.

"[M]eetings between executive officials of government and others are not covered by the Sunshine Law." City of Sunrise v. News & Sun-Sentinel Co., 542 So. 2d 1354, 1355 (Fla. Dist. Ct. App. 1989). Zoning "is a purely executive function." Detournay v. City of Coral Gables, 127 So. 3d 869, 870 (Fla. Dist. Ct. App. 2013). Issuing building permits is likewise an executive function. Reserve, Ltd. v. Town of Longboat Key, 933 F. Supp. 1040,

1044 (M.D. Fla. 1996). And enforcing city code is an executive function. See Detournay, 127 So. 3d at 872. Clewiston Commons's Sunshine Law claim fails, and Defendants' Motion (Docket No. 161) is granted as to this claim.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions for Partial Summary Judgment (Docket Nos. 137, 154, and 159) are **DENIED without prejudice**;

2. Defendants' Motion for Summary Judgment (Docket No. 161) is **GRANTED in part and DENIED without prejudice in part**;

3. Defendants' Motion to Strike (Docket No. 163) is **DENIED**; and

4. Plaintiff's Motion to Strike (Docket No. 164) is **DENIED**.

Dated: March 10, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge